ORIGINAL

Marie Minichino

214 Luakaha Circle

Kihei, Hi. 96753€

808-727-2255

17-00040,1:2017CV00118,

1:2017CV00174,

Marie Minichino, Plaintiff

VS

Deutsche Bank, Ocwen, Piilani Homeowners

Assoc., Peter T. Stone, #2788,Derek W.C.Wong,#4155,

Sun Young Park,#9787, TMLF,LLC, A Hawaii Limited

Liability Law Company, Kapono Kiakona, Cheryl Fraine, Porter,

Mcguire, Kiakona & Chow, LLP., The Ing Law Firm, Brian Ing, Lawrence

Ing, Maui Lani Homeowners Association.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 3 1 2017

at 2 o'clock and 00 min. P M
SUE BEITIA, CLERK

CV 17  00255 HG  RLP

U. S. DISTRICT COURT

C338, 300 Ala Moana,Honolulu,Hi.96850

Case#_____
Date: May26, 2017

Judge: tba
Jury Trial requested.

Electronic service of
docs requested.

ADVERSARY MOTION REGARDING 214 LUAKAHA CIRCLE. KIHEI, HI.
96753  AND 42 HENOHEA PLACE, KAHuLUI, HI. 96732, FOR $900,000
AGAINST OCWEN, DEUTSCHE BANK, PETER STONE, DEREK WONG, SUN
YOUNG PARK AND TMLF, LLC, KAPONA KIAKONA, CHERYL FRAINE,
PORTER, MCGUIRE, KIAKONA & CHOW LLP, THE ING LAW FIRM, BRIAN
ING, LAWRENCE ING, MAUI LANI HOMEOWNERS ASSOCIATION.

FOR VIOLATING BANKRUPTCY LAW, NOT WORKING WITH DEBTOR TO
MODIFY LOANS AND FEES AS REQUIRED BY BANKRUPTCY LAWS,
CHARGING INTEREST AND LATE CHARGES FILED WHILE DEBTOR WAS IN
BANKRUPTCY, FILING FORECLOSURE ACTION WHILE DEBTOR IS IN
ACTIVE BANKRUPTCY.  REQUIRING THAT A POSSIBLE DEAD PERSON
RESPOND TO A COURT ACTION WHILE PLAINTIFF IS IN BANKRUPTCY.
NEVER RESPONDING TO NUMBEROUS REQUESTS FROM MY ATTORNEY,
BRUCE LEWIS, AND FROM ME TO GIVE ME A LIST OF FINES, FEES,
PAYMENTS AND COSTS FOR MY LOANS AND HOMEOWNERS
ASSOCIATIONS SO I COULD ACCURATELY FILE THESE NUMBERS UNDER
MY BANKRUPTCY, FALSIFIED A SALE AND RECORDING A FRADULENT
VIDEO ON UTUBE WAY BEYOND WHAT WAS PUBLISHED IN THE
NEWSPAPER, AND ANY OTHER FRAUDULENT ACTIONS DISCOVERED
UNDER PLAINTIFFS DISCOVERY.

FEDERAL JURISDICTION IS VALID FOR THE FOLLOWING REASONS:

1) PLAINTIFF WAS IN BANKRUPTCY DURING MOST OF THESE
FRAUDULENT ACTIONS AND CONGRESS HAS EXTENDED THE FEDERAL
TRIAL COURTS JURISDICTION TO MATTERS INCLUDING CASES
INVOLVING FEDERAL BANKRUPTCY CASES, 28 USC 1334

2) PLAINTIFF IS SUING EACH DEFENDANT IN THE AMOUNT OF $900,000. WHICH IS WHAT THE LOAN AMOUNTS, AND HOMEOWNERS ASSOCIATION FEES, FINES AND INTEREST ON THESE TWO PROPERTIES APPROXIMATELY BECAUSE THE DEFENDANTS REFUSE TO GIVE THE PLAINTIFF THE CORRECT AMOUNTS WITHOUT ALL THE EXCESSIVE FEES ADDED ON WHILE THE PLAINTIFF WAS IN BANKRUPTCY, DELIBERATELY INTERFERED WITH THE PLAINTIFFS FEDERAL BANKRUPTCY MAKING IT IMPOSSIBLE FOR THE PLAINTIFF TO COMPLETE AND FINISH A PAYMENT PLAN OVER 5 YEARS AND NONE OF THE DEFENDANTS WOULD COOPERATE WITH THE PLAINTIFF TO GIVE HER SOLID FIGURES TO CREATE A PROPER PAYMENT PLAN.  THESE ACTIONS WERE DELIBERATE AND HEINOUS BECAUSE THE DEFENDANTS ARE TRYING TO STEAL THESE HOMES FROM THE PLAINTIFF. BECAUSE THE AMOUNT IS OVER 75,000, THIS IS A FEDERAL MATTER.

3) FEDERAL JURISIDICTION IS RIGHT AND PROPER BECAUSE OCWEN IS LOCATED IN FLORIDA BOTH ON A CORPORATE LEVEL AND IT IS WHERE THE MAJORITY OF ITS BUSINESS IS CONDUCTED. DEUTSCHE CONDUCTS THE MAJORITY OF ITS BUSINESS IN NEW YORK AND THEREFORE FEDERAL COURTS HAVE PERSONAL JURISDICTION DUE TO DIVERSITY IN LOCATIONS WHERE THE PARTIES ARE.

IN SUMMARY, THERE ARE THREE REASONS FOR FEDERAL JURISDICTION.

A) PARTIES IN DIFFERENT STATES ARE INVOLVED. B) FEDERAL BANKRUPTCY AND APPEAL INVOLVED. C) THE 900,000 SUIT EXCEEDS THE MINIMUM OF $75,000 FOR FEDERAL JURISDICTION

PLAINTIFF, MARIE MINICHINO, HAS BEEN TRYING TO WORK WITH DEUTSCHE AND THEIR AGENT, OCWEN, TO MODIFY THE LOANS OF 214

LUAKAHA CIRCLE AND 42 HENOHEA BASED ON BANKRUPTCY
GUIDELINES.  ALL THE OTHER LENDERS HAVE BANKRUPTCY 800
NUMBERS TO ASSIST DEBTORS TO MODIFY THEIR LOANS FOR THEIR
PAYMENT PLANS. NEITHER OCWEN NOR DEUTSCHE BANK HAVE SUCH
NUMBERS AND EVERY TIME THE DEBTOR CALLS OR WRITES OCWEN OR
DEUTSCHE OR WRITES OCWEN TO ATTEMPT TO MODIFY HER LOANS,
SHE GETS NO RESPONSE. MY ATTORNEY AT THE TIME, BRUCE LEWIS
HAS ALSO WRITTEN MOST OF THE DEFENDANTS AND NO ONE
ANSWERED ANY LETTERS.

SINCE BOTH LOANS WERE PREVIOUSLY WITH SEVERAL DIFFERENT
BANKS AND ARE ASSET BACKED ASSETS, THERE IS A QUESTION
WHETHER DEUTSCHE BANK. AND ITS SERVICER OCWEN, HAS LEGAL
STANDING TO FORECLOSRE OR TO EVEN COLLECT ON THESE NOTES.
NEVERTHELESS, THE DEBTOR WOULD LIKE TO KEEP BOTH PROPERTIES
OR SELL THEM ONCE THE LOANS HAVE BEEN MODIFIED IN
ACCORDANCE TO THE MAKING HOMES AFFORDABLE GUIDELINES FOR
LOAN MODIFICATIONS.

DURING THE TIME THAT THE PLAINTIFF HAS BEEN IN FORECLOSURE,
NUMEROUS LATE FEES AND INTEREST HAS BEEN ADDED TO BOTH
LOANS IN VIOLATION WITH BANKRUPTCY LAWS.

OCWEN IS ALSO UNDER INVESTIGATION BY THE ATTORNEY GENERAL
OF THE STATE OF FLORIDA FOR SIMILAR VIOLATIONS AGAINST
HOMEOWNERS.

MAUI LANI HOMEOWNERS ASSOCIATION REQUEST FOR AN
ACCOUNTING WAS HAND CARRIED TO THEIR OFFICE ON NUMEROUS
OCCASSIONS, AND NO RESPONSE WAS RECEIVED.

PIILANI HOMEOWNERS AND THEIR LAW FIRM, PORTER MCGUIRE REFUSE TO ADJUST MY HOMEOWNERS FEES AND FINES FOR A ONE PLUS YEAR TIME PERIOD WHERE 214 LUAKAHA CIRCLE WAS OUT OF MY NAME AND YET THEY WILL NOT CORRECT THE AMOUNT OWED, REMOVE FINES AND LATE CHARGES FILED WHILE I WAS IN BANKRUPTCY NOR GIVE ME A PROPER ACCOUNTING.

PORTER,MCGUIRE, KIAKONA & CHOW ALONG WITH THE ING LAW FIRM, BRIAN ING, LAWRENCE ING AND CHERYL FRAINE AND K KIAKONA PERPETUATED A FRAUDULENT SALE WITH THE POSTED AMOUNT OF THE SALE IN MAUI NEWS AT 9000, NEVER HELD THE SALE AND THEN POSTED A UTUBE VIDEO SHOWING A SALE OF 21,000.

PLAINTIFF REQUESTS A JURY TRIAL AND DEBTOR IS PREPARED TO SHOW ALL DEBTORS ACTED JOINTLY AND INDIVIDUALLY TO FRAUDULENTLY AFFECT THE DEBTORS ABILITY TO DO A 5 YEAR PAYMENT PLAN IN BANKRUPTCY AND ATTEMPTED TO DEFRAUD THE DEBTOR OF HER RIGHTS AND PROPERTY. PLAINTIFF REQUESTS AWARD 900,000.

THE ABOVE IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE UNDER PENALTY OF PERJURY.

MARIE MINICHINO

CERTIFICATE OF SERVICE: DEBTOR EITHER HAD THE LAWSUIT HAND ON MAUI OR MAILED CERTIFIED MAIL RETURN RECEIPT REQUESTED WITH THE SUMMONS AND ALL DELIVERY METHODS WILL BE DULY FILED WITH THE COURT