IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARIE MINICHINO, | CIVIL NO. 17-00255 HG-RLP |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT GRANT |
| vs. | PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES |
| DEUTSCHE BANK; OCWEN; PIILANI HOMEOWNERS ASSOC.; PETER T. STONE; DEREK W.C. WONG; SUN YOUNG PARK; TMFL, LLC; KAPONO KIAKONA; CHERYL FRAINE; PORTER, MCGUIRE, KIAKONA & CHOW, LLP; BRIAN ING; LAWRENCE ING; AND MAUI LANI HOMEOWNERS ASSOCIATION, | AND DISMISS THE COMPLAINT WITH LEAVE TO AMEND |
| Defendants. | |

FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT
GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING
FEES AND DISMISS THE COMPLAINT WITH LEAVE TO AMEND[1]

Before the Court is Plaintiff Marie Minichino's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), filed on May 31, 2017. ECF No. 5. After careful consideration, the Court FINDS AND RECOMMENDS that the GRANT Plaintiff's Application and DISMISS the Complaint with leave to amend.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

## BACKGROUND

In her Complaint, Plaintiff states that she is asserting an "adversary motion" against Defendants for the following claims:

> for violating bankruptcy law, not working with debtor to modify loans and fees as required by bankruptcy laws, charging interest and late charged filed while debtor was in bankruptcy, filing foreclosure action while debtor was in active bankruptcy. Requiring that a possible dead person respond to a court action while Plaintiff is in bankruptcy. Never responding to [numerous] request from my attorney, Bruce Lewis, and from me to give me a list of fines, fees, payments and costs for my loans and homeowners associations so I could accurately file these numbers under my bankruptcy, falsified a sale and recording a fraudulent video on [yo]utube way beyond what was published in the newspaper, and any other fraudulent actions discovered under Plaintiff[']s discovery.

ECF No. 1 at 2. Plaintiff alleges that the court has jurisdiction over these claims because "Plaintiff was in bankruptcy during most of these fraudulent actions," and because Plaintiff is suing Defendants for $900,000, which is over $75,000, and Defendant Ocwen is located in Florida. Id. at 3.

Plaintiff's Application states that she is not employed, receives $1,055 a month from Social Security, has monthly obligations totaling $961 for utilities and food, and has one dependent. ECF No. 5 at 1-2.

## DISCUSSION

**I. The Court RECOMMENDS that the District Court GRANT**

**Plaintiff's Application.**

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). For purposes of determining whether to grant an application to proceed without prepayment of fees, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted).

Here, Plaintiff's Application states that she receives $1,055 per month in Social Security benefits and has monthly expenses of approximately $961. ECF No. 5 at 1-2. Based on the information provided in Plaintiff's Application, the Court finds that Plaintiff has demonstrated that she is unable to pay court fees at this time and RECOMMENDS that the district court GRANT her Application. See 28 U.S.C. § 1915.

**II. The Court RECOMMENDS that the District Court DISMISS Plaintiff's Complaint With Leave to Amend.**

The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or

seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners). Because Plaintiff is appearing pro se, the Court liberally construes her Complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

As an initial matter, the Court has an obligation to investigate whether it has subject matter jurisdiction, and lack of subject matter jurisdiction may be raised by the Court at any time. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966-67 (9th Cir. 2004); Csibi v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982). In order for a claim properly to be in the United States District Court, the Court must have either (1) federal question jurisdiction under 28 U.S.C. § 1331, or (2) diversity jurisdiction under 28 U.S.C. § 1332.

Additionally, the Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted[.]" A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" UMG Recordings, Inc. v. Shelter Capital Partners,

LLC, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Federal Rule of Civil Procedure 8. Id. at 679; Fed. R. Civ. P. 8(a) (requiring that the complaint contain a short and plaint statement showing that the plaintiff is entitled to relief).

First, the Complaint does not assert any federal causes of action, such that the court could have federal question subject matter jurisdiction under 28 U.S.C. § 1331. See ECF No. 1. The only reference to federal law is Plaintiff's allegation that the claims relate to her bankruptcy proceedings.[2] Id. at 2-

---

[2] The Court notes that Plaintiff has filed, or caused to be filed, seven bankruptcy petitions that have all been dismissed. See In re Minichino, No. 17-00040, United States Trustee's Motion

5

3. To the extent Plaintiff is attempting to assert claims related to her bankruptcy proceedings, Plaintiff's claims "should have been brought in the bankruptcy court itself, and not as a separate action in the district court."  See MSR Exploration, Ltd. v. Meridian Oil, Inc., 74 F.3d 910 (9th Cir. 1996). Additionally, the court notes that this court has previously dismissed an action filed by Plaintiff against several of the same defendants related to her bankruptcy proceedings.  See Minichino v. Piilani Homeowners Ass'n, No. CV 16-00461 DKW-RLP, 2016 WL 7093431, at *5 (D. Haw. Dec. 2, 2016) (dismissing Plaintiff's claims related to purported violations of the automatic bankruptcy stay).  Accordingly, to the extent Plaintiff's claims are based on her bankruptcy proceedings, these claims must be dismissed for lack of jurisdiction.

Second, although not entirely clear, it appears that Plaintiff is attempting to assert a claim related to foreclosure proceedings.  See ECF No. 1.  Plaintiff alleges that "there is a

---

to Dismiss Case with Prejudice and for Two Year Bar on Refiling, ECF No. 7 at 7-18 (Bankr. D. Haw. Jan. 31, 2017); see also In re Gaetano Trust, No. 16-00719, 2016 WL 4150257, at *2 (Bankr. D. Haw. Aug. 3, 2016) ("Ms. Minichino has a documented history of abusing the bankruptcy system to the detriment of her creditors.").  Plaintiff has recently been barred from filing any bankruptcy petitions for two years. In re Minichino, No. 17-00040, Order Granting United States Trustee's Motion to Dismiss Case with Prejudice and for Two [Year] Bar on Refiling, ECF No. 56 (Bankr. D. Haw. Mar. 7, 2017).  Plaintiff's appeal of that decision remains pending.  See Minichino v. Office of the U.S. Trustee, Civil No. 17-00118 LEK-KSC, Civil No. 17-00174 LEK-RLP, ECF No. 3 (D. Haw. June 2, 2017).

question whether Deutsche Bank and its servicer Ocwen, has legal standing to foreclos[e] or to even collect on these notes." Id. at 4. This statement is insufficient to state a cognizable legal theory. See UMG Recordings, Inc., 718 F.3d at 1014. Plaintiff does not reference any federal statute or state any additional facts that would support a claim related to the foreclosure proceedings. See Iqbal, 556 U.S. at 679 (holding that allegations that only infer "the mere possibility of misconduct" do not show that the plaintiff is entitled to relief as required by Rule 8). Accordingly, Plaintiff's allegations regarding foreclosure proceedings fail to state a claim upon which relief can be granted and fail to meet the pleading requirements of Rule 8.

Third, it appears that Plaintiff is attempting to assert state law fraud claims against several Defendants. See ECF No. 1 at 2 (stating that Plaintiff is asserting a claim for "other fraudulent actions" that may be discovered); id. at 5 (stating that "Porter, McGuire, Kiakona, & Chow along with the Ing law firm, Brian Ing, Lawrence Ing and Cheryl Fraine and K Kiakona perpetuated a fraudulent sale").[3] To the extent

---

[3] The Court notes that in a prior action Plaintiff asserted claims against several of the same defendants related to her foreclosure proceedings for violations of the Fair Debt Collection Practices Act and the Fair Trade Commission Act. See Minichino, No. CV 16-00461 DKW-RLP, 2016 WL 7093431, at *4 (D. Haw. Dec. 2, 2016). These claims were dismissed with prejudice. Id.

Plaintiff is attempting to assert such claims, it is unclear whether the court has jurisdiction over these state law claims. Plaintiff states in her Complaint that the court has subject matter jurisdiction because Plaintiff is suing Defendants for $900,000, which is over the jurisdictional minimum, and Defendant Ocwen is located in Florida. See ECF No. 1. However, subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). Even if there is diversity of citizenship between Plaintiff and Ocwen, there must be complete diversity of citizenship between Plaintiff and all Defendants. On its face, Plaintiff's Complaint does not allege the citizenship of the other Defendants or that they all have citizenships that are diverse from Plaintiff's citizenship. See ECF No. 1. Without such a showing of federal jurisdiction, Plaintiff's state law claims for fraud must be dismissed.

Although the Complaint is deficient, the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend." Lucas v. Dep't of Corr., 66 F.3d 245, 248

(9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  Accordingly, the Court RECOMMENDS that the Complaint be DISMISSED without prejudice and Plaintiff be given leave to file an amended complaint to address the deficiencies identified above, no later than thirty days from the district court's adoption of this Findings and Recommendation. If Plaintiff chooses to file an amended complaint, the document must be clearly designated as the "First Amended Complaint," must be retyped or rewritten, and may not incorporate any part of the original Complaint by reference.  See Local Rule 10.3. Plaintiff's amended complaint must include short, plain statements telling the court:  (1) the constitutional or statutory right that Plaintiff believes was violated; (2) the name of the defendant who violated that right; (3) exactly what the defendant did or failed to do; (4) how the defendant's conduct is connected to the violation of Plaintiff's rights; (5) what specific injury Plaintiff suffered because of the defendant's conduct; and (6) the basis for this court's jurisdiction.  See Rizzo v. Goode, 423 U.S. 362, 371-72 (1976); Fed. R. Civ. P. 8(a).

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court:

1) GRANT Plaintiff's Plaintiff's Application to Proceed Without Prepayment of Fees;

2) DISMISS Plaintiff's Complaint without prejudice;

3) GRANT Plaintiff leave to file an amended complaint curing the deficiencies identified above no later than thirty days from the district court's adoption of this Findings and Recommendation;

4) REFER the screening of any amended complaint to the undersigned;

5) CAUTION Plaintiff that failure to file an amended complaint within the time frame specified above will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 6, 2017.

Richard L. Puglisi
United States Magistrate Judge

**MINICHINO V. DEUTSCHE BANK, ET AL.; CIVIL NO. 17-00255 HG-RLP; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND DISMISS THE COMPLAINT WITH LEAVE TO AMEND**